MORRISSEY v. |NORTH RIVER BARGE LINE, Inc., et al.

District Court, S. D. New York.

June 11, 1947.

Nathan Baker, of Hoboken, N. J., for libellant.

E. C. Sherwood, of New York City (Fred J. Locker, of New York City, of counsel), for North River Barge Line, Inc.

Leo F. Potts, of New York City (Charles H. Lane and Joseph M. Leahey, both of New York City, of counsel), for J. K. Welding Co., Inc.

Duncan & Mount, of New York City (Frank Bull and Daniel Huttenbrauck, both of New York City, of counsel), for Bethlehem Steel Co.

BRIGHT, District Judge.

This libel, having been tried before the court in admiralty on June 3, 4 and 5, 1947, and the court having heard the evidence of the parties and the arguments of counsel, does hereby find and decide as follows:

## Findings of Fact.

1. Libellant at the time of the filing of the libel herein on June 15, 1945, resided at 282 East Gunhill Road, in the Borough of Bronx, City and State of New York, and was a citizen of the State of New York and of the United States of America.

2. The respondent North River Barge Line, Inc., is a New York State corporation, having an office and place of business in the Borough of Manhattan, City and State of New York; and at the time of the accident hereinafter mentioned, was the owner of a certain barge known as the Crescent, which said barge, at time of the filing of the said libel was found and was within the Port of New York and within the territorial jurisdiction of the United States.

3. The respondent J. K. Welding Machine Co., Inc., is a New York corporation, having an office and place of business in the said Borough of Manhattan; and said company, prior to the happening of the accident herein described, had installed and maintained upon the said barge Crescent certain welding machines which were being used in connection with the welding work performed by it, or its servants, upon a steamship moored alongside the side of the barge Crescent aforesaid, and known as B-36.

4. The respondent A. B. C. Welding Works, Inc., has not been served with process herein.

5. The respondent-impleaded, Bethlehem Steel Corporation, is a Pennsylvania corporation, with an office and a place of business within the said Borough of Manhattan; and at the time of the accident hereinafter described, was the employer of the libellant.

6. On June 18, 1943, libellant was employed by the said respondent-impleaded, Bethlehem Steel Corporation, as a fire watch upon the said barge Crescent, while it was lying in the Hoboken yard of the said Bethlehem Steel Corporation, in navigable waters of the Hudson River, and in the City of Hoboken, Hudson County, New Jersey; and while so employed as a fire watch, and in the performance of his duties, accidentally sustained injuries while endeav-

oring to put out a fire in one of said welding machines.

7. The said respondent, North River Barge Line, Inc., was not shown to have any control over the barge at the time and place of said accident, nor to have done anything or omitted anything, negligently or otherwise, which, in any way, caused or contributed to the accident aforesaid to the libellant.

8. The respondent-impleaded, Bethlehem Steel Corporation, was not shown to have done anything, or omitted to do anything, negligently or otherwise, which, in any way, contributed to the accident aforesaid to the libellant; and, in any event, would not be liable to the libellant for anything other than the payment of workmen's compensation benefits, which, the evidence shows, it had already paid to him.

9. The sole claim of negligence made, or attempted to be proven, by the libellant against the respondent J. K. Welding Machine Co., Inc., was that it permitted the towing handle of one of its towing machines then located on the barge aforesaid, to be down on the deck and to obstruct the passageway between the welding machines aforesaid, over which the libellant was required to pass in his journey to put out the fire aforesaid. The libellant has failed to prove by the greater weight of the credible testimony that he was injured by tripping over any such handle.

10. On June 21, 1943, when libellant was admitted to St. Mary's Hospital, in Hoboken, New Jersey, he stated that his accident occurred on the date mentioned, at 11 p. m. Upon this trial, he stated that it occurred at 2 a. m. At that time, he also stated that at the time of his accident, he was carrying a fire extinguisher to put out a fire on the barge, but made no claim that he tripped over anything. On October 25, 1943, when he was again admitted to St. Mary's Hospital, he stated to the intern who then took his history, that while working as a fire watch for the Bethlehem Steel Corporation, he tripped over a hose. On February 28, 1944, in his notice to the United States Compensation Bureau for compensation as a result of said accident, he stated that the accident occurred on June 18, 1943, at 8:15 o'clock p. m., and in answer to the question upon said notice as to how the accident happened, he stated "putting out fire and fell against machine". On June 20, 1943, he stated to his attending physician, Dr. W. J. Matthews, as to how his accident occurred, "working on barge, picked up a fire extinguisher and felt pain in the left groin." His witness, William Pulz, testified that on the day of the accident, he was employed by the Bethlehem Steel Corporation, and saw the accident from the deck of B-36, where he was standing about 30 feet above the deck of the barge, and that he saw the handle of the welding machine down and libellant tripped over it. Pulz, however, was contradicted by the respondent's witness, John P. Ford, who was a disinterested witness, employed by Bethlehem Steel Corporation as an investigator, and who interviewed Pulz on September 27, 1945, at which time Pulz told him he did not know what libellant stumbled over. From these contradictions, and from other evidence in the case, the court is convinced that the accident did not occur in the manner in which libellant testified, and that he did not stumble or trip over the handle of any welding machine, and it is so found.

11. The said accident to the libellant and his claimed injuries were not caused or contributed to by any act or omission of the respondent J. K Welding Machine Co., Inc., negligent or otherwise; nor were the injuries claimed by libellant sustained in the manner testified to by him.

## Conclusions of Law.

First: The libel is dismissed upon the merits, and a decree and judgment in favor of the respondents North River Barge Line, Inc., J. K. Welding Machine Co., Inc., and respondent-impleaded Bethlehem Steel Corporation, so dismissing said libel, is directed, with one bill of costs to the respondent J. K. Welding Machine Co., Inc.